UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>ALEXANDER LUCIANO COTA,<br><br>                Defendant. | 4:22-CR-40054-KES<br><br>ORDER GRANTING MOTION<br>TO REDUCE SENTENCE |

Defendant, Alexander Luciano Cota, through the Federal Public Defenders, filed a motion under 18 U.S.C. § 3582(c)(2) requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 59. Plaintiff, the United States of America, opposes Cota's motion. Docket 60. Cota filed a reply to the United States's response. Docket 63. For the reasons below, Cota's motion for a sentence reduction is granted.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to

whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

"At step two . . . § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *See Dillon*, 560 U.S. at 827. "Once a district court determines that a defendant is eligible for a sentence reduction, it has 'substantial discretion' to choose whether to reduce the sentence." *United States v. Burnell*, 2 F.4th 790, 792 (8th Cir. 2021) (citing *United States v. Hoskins*, 973 F.3d 918, 921 (8th Cir. 2020)). Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. 1B1.10, cmt. n.1(B)(i). Subject to limitations set forth in § 1B1.10(b), a court may consider all pertinent

2

information in applying the § 3553(a) factors and determining whether and by how much to reduce a defendant's sentence. *Dillon*, 560 U.S. at 821-22.

Section 3553(a), in addition to requiring consideration of the applicable guidelines and policy statements of the Sentencing Commission, mandates the sentencing judge to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (3) the kinds of sentences available. 18 U.S.C. § 3553(a)(1)-(3). The court must also consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Additionally, "nothing prohibits the court from considering new facts that it had no opportunity to address the first time around." *United States v. Darden*, 910 F.3d 1064, 1068 (8th Cir. 2018).

Cota's Guidelines range, based on a total offense level of 24 and a Criminal History Category of III, was 63-78 months in custody.[1] Docket 43

---

[1] Cota objected to the PSR's calculation of his total offense level and guideline range. The PSR listed his total offense level at a 29, a Criminal History Category of III, and a Guideline range of 108-135 months in custody. Docket 43 ¶ 55. In his objection, Cota argued that his total offense level should be a 24 with a guideline range of 63-78 months. Docket 40 at 3. At sentencing, the

3

¶ 55. He had a total of 5 criminal history points, which included 2 "status points" for committing the instant offense while under a criminal justice sentence. *Id.* ¶ 29. On July 5, 2023, Cota was sentenced to 78 months in custody for carjacking in violation of 18 U.S.C. § 2119. Docket 50 at 1-2. This sentence was ordered to run consecutively to the 12-month sentence imposed in Cota's revocation of supervised release case, 4:20-CR-40040-02. *Id.*; Docket 59 at 1-2.

On December 18, 2024, Cota filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 59. He asserts that he qualifies for a sentence reduction under Amendment 821, Part A, which modified U.S.S.G. § 4A1.1(e) to eliminate the two criminal history "status points" previously applied for committing a federal offense while under a criminal justice sentence. *Id.* at 1, 4-5. He requests a sentence term of no greater than 71 months in custody, which is at the same end of his new guideline range as the court's original sentence. *Id.* at 4.

The government agrees that Cota appears to be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821. Docket 60 at 4. The government also agrees that without application of the two status points, Cota's Guideline range would have been 57 to 71 months in custody. *Id.* The government, however, opposes a reduction in Cota's case and argues that

---

court sustained Cota's objection and found that a total offense level of 24 with a guideline range of 63-78 months in custody applied. *See* Docket 50-1 at 12.

based on Cota's criminal history, in addition to Cota's conduct during the current offense, the § 3553(a) factors do not warrant a reduction in his sentence. *Id.* at 4-6.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). Thus, a person who received 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise received 6 criminal history points or fewer receives no "status points." The Commission decreed that this change applies retroactively. *See* U.S.S.G. § 1B1.10(e)(2) (Nov. 1, 2023).

Cota meets the criteria under amended U.S.S.G. § 4A1.1(e) for a 2-point reduction. With that reduction, Cota receives 0 "status points," which gives him a total of 3 criminal history points. That decrease places him in Criminal History Category II, which, when coupled with his total offense level of 24, reduces his advisory Guideline range to 57-71 months in custody. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

After considering the policy statement in U.S.S.G. § 1B1.10 and the sentencing factors set forth at 18 U.S.C. § 3553(a), the court finds that a

5

sentence reduction is warranted. As of November 18, 2024, Cota's disciplinary record did not list any incidents during his current term of incarceration. *See* Docket 59-2 at 1. Cota's program review provides that Cota has completed over 100 hours of education classes, including interview skills and resume writing. Docket 59-1 at 1. He has attended a mock job fair. Docket 59-6. Cota has also completed non-residential drug abuse programming, trauma in life, and anger management. Docket 59-3; Docket 59-4; Docket 59-5.

The government argues that based on the circumstances of the carjacking offense, Cota's conduct indicates that he is a danger to the community. Docket 60 at 6. While being driven to another location by the victim, Cota brandished[2] a firearm and ordered the victim out of the vehicle. Docket 43 ¶ 7; Docket 30 at 1-2. Cota then left in the victim's vehicle. *Id.* While this is a serious offense, at the time of sentencing, the court took into consideration that Cota's sentence must "reflect the seriousness of the offense" and must be "just punishment for the offense" by sentencing Cota to the top of his guideline range. *See* 18 U.S.C. § 3553(a)(2)-(3). As Cota notes, with his new guideline range, a "sentence of 78 months amounts to an upward variance or departure from the current range." Docket 63 at 2-3. Thus, Cota argues that reducing his sentence to 71 months in custody avoids unwarranted sentencing disparities between defendants with similar records. *See id.* To avoid giving

---

[2] The government argues that Cota pointed a firearm at the victim during the offense. *See* Docket 60 at 6. As the court found at the time of sentencing however, Cota only brandished the firearm during the commission of the offense. *See* Docket 50-1 at 12.

6

Cota a proportionally longer sentence than a similarly situated defendant, and the evidence that Cota has made positive, rehabilitative strides while in custody since July 2023, the court finds that a sentence reduction is warranted here.

After considering Cota's motion and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), the court grants Cota's motion for a sentence reduction.

## CONCLUSION

It is ORDERED that Cota's motion (Docket 59) is GRANTED. The probation office is directed to prepare an amended Judgment that reflects a sentence of 71 months in custody to be served consecutively to the sentence imposed in Cota's supervised release revocation in case 4:20-CR-40040-02.

Dated March 27, 2025.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE